UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYALNEH DILNESSA,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>  Defendants. | Case No. 23-cv-00784-TLT<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

This is a habeas case filed *pro se* by a petitioner who is confined at Napa State Hospital, apparently as a pretrial detainee for restoration of competency. His motion for leave to proceed *in forma pauperis* (ECF 5) is GRANTED. For the reasons stated below, the petition will be dismissed.

# BACKGROUND

According to the petition, petitioner is awaiting trial on charges of assault with a deadly weapon and was sent to Napa State Hospital pursuant to California Penal Code section 1370, which requires that a trial be suspended if a person is found mentally incompetent to stand trial. ECF 1 at 2; Cal. Penal Code § 1370(a)(B). Petitioner states he was detained in the Butte County jail on October 21, 2022, and taken to Napa State Hospital on January 17, 2023. ECF 1 at 2.

# DISCUSSION

**A.   Standard of Review**

A petitioner may challenge his pretrial detention on state criminal charges by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), which provides habeas jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of

the United States. However, principles of comity and federalism require federal courts to abstain and not entertain a petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). "Special circumstances" warranting federal intervention include cases of "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps other extraordinary circumstances where irreparable injury can be shown." *Id.* at 84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

### B. Petitioner's Claims

Petitioner claims that he is subject to "unlawful confinement against my free will" and that Deputy Yee threatened that if he did not come out of the south dorm he would "use force and tie me up and . . . throw me in a police van to transport me to Napa State Hospital, where I am being held without any conviction." ECF 1 at 3.

Petitioner states that on September 30, 2020, he was having a conversation with his roommate that turned into an altercation in which he "brought a small stick and tried to defend [him]self from a knife attack" and then "brought a wood splitting axe from his closet and showed it to him so he won't come and attack me again." ECF 1 at 3. He states his roommate called the police and falsified a police report. *Id.* He also describes a prior altercation with the roommate, who believed petitioner was having an affair with his girlfriend, in which the roommate broke his door and hit him in the head. *Id.* at 4.

Petitioner states he "was simply held by a false warrant for [his] arrest ordered by Butte Superior Court then was transported to Napa State Hospital." *Id.* at 5. He did not seek administrative review because he was "not convicted or tried or bail bonded due to Butte County Superior Court decision to send me to state hospital." *Id.* He seeks "to be released to complete freedom" and for the charges to be dismissed. In the alternative, he requests deportation to Ethiopia. ECF 1 at 9.

Petitioner has not exhausted his claims, nor does he demonstrate special circumstances warranting intervention into his ongoing state criminal proceedings. In addition, he does not make

any constitutional claims. The petition will therefore be dismissed without prejudice to refiling a habeas petition if special circumstances arise, or to refiling under 28 U.S.C. § 2254 after all state proceedings, including appeal, are completed.

### C.   Certificate of Appealability

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Petitioner is permitted to proceed *in forma pauperis*, but, for the foregoing reasons, the petition is DISMISSED and a certificate of appealability is DENIED. The Clerk shall enter judgment in favor of respondent and close the file.

This Order terminates docket number 5.

**IT IS SO ORDERED.**

Dated: July 3, 2023

TRINA L. THOMPSON
United States District Judge